1  Francis O. Scarpulla (CASB No.: 41059)
   **LAW OFFICES OF FRANCIS O. SCARPULLA**
2  44 Montgomery Street, Suite 3400
   San Francisco, CA 94104
3  Telephone: (415) 788-7210
   Facsimile: (415) 788-0706
4  E-mail: fos@scarpullalaw.com

5  *Counsel for Plaintiffs and the Proposed Class*

6  [Additional Counsel on Signature Page]

7

8

9

10                  **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12

13  MELANIE HOUSE, ERICH ZANDER,          )   Case No.
    ELIZABETH LIVINGSTON, and BONNIE      )
14  BURKERT, Individually and on Behalf of all )   **CLASS ACTION COMPLAINT**
    Others Similarly Situated              )
15                                         )   **DEMAND FOR JURY TRIAL**
               Plaintiffs,                 )
16                                         )
                                           )
17        v.                               )
                                           )
18  KIND LLC                               )
                                           )
               Defendant.                  )
19

20

21

22

23

24

25

26

27

28

                          CLASS ACTION COMPLAINT

1    Plaintiffs Melanie House, Erich Zander, Bonnie Burkert, and Elizabeth Livingston

2  (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, and the general

3  public, by and through the undersigned counsel, hereby brings this action against Defendant KIND

4  LLC ("KIND" or "Defendant"), and allege the following based upon knowledge, information, and

5  belief, including the investigation of counsel.

6                              **INTRODUCTION**

7    1.    KIND is a quickly-growing company that sells snack bars and other snacks that they

8  market as "healthy." Defendant's "healthy" marketing is central to the marketing of the Products

9  and the same and/or substantially similar health related statements are prominently displayed in the

10  same location on the front and back packaging of the Products and were uniformly communicated

11  to Plaintiffs and every other member of the Classes.

12    2.    Recently, the FDA informed KIND that the labels on four types of its snack bars,

13  KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Plus Peanut

14  Butter Dark Chocolate + Protein, and KIND Dark Chocolate Cherry Cashew + Antioxidants

15  (referred to individually as the "Product" and collectively the "Products"), are not in compliance

16  with the Federal Food, Drug, and Cosmetic Act ("FDCA") and its implementing regulations.

17    3.    The "healthy" claim is false, misleading and likely to deceive reasonable consumers

18  in the same respect. Contrary to Defendant's representations, the Products are not "healthy" and

19  contain other false and misleading statements regarding the healthiness of the Products and their

20  ingredients. The Products are simply not what Defendant advertises them to be. As a result, the

21  Products are misbranded and sold pursuant to unlawful, unfair, deceptive, misleading and deceptive

22  business practices. At a minimum, Defendant's "healthy" and other health-related statements are

23  likely to deceive reasonable consumers.

24    4.    As a result of Defendant's false and misleading labeling and advertising of the

25  Products, Plaintiffs and members of the Classes (defined below) have suffered injury in fact,

26                              2

27                       CLASS ACTION COMPLAINT

28

1  including economic damages, and have lost money or property. Specifically, Plaintiffs and

2  members of the Classes have purchased KIND bars under the mistaken belief that the products

3  were "healthier" and/or had additional benefits compared to other snack products. But for

4  Defendant's false and misleading advertising and marketing of the KIND bars, Plaintiffs and

5  members of the Classes would not have purchased or paid as much for the KIND bars.

6      5.     Plaintiffs bring this action on behalf of themselves and the Classes to rectify the

7  injuries caused by Defendant's unlawful practices, and to enjoin KIND's ongoing deceptive

8  labeling and advertising of the Products. Plaintiffs seek, among other things, equitable relief,

9  declaratory relief, restitution, and damages for the putative Classes. Plaintiffs also seek reasonable

10 attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5, as this lawsuit seeks the enforcement of

11 an important right affecting the public interest and satisfies the statutory requirements for an award

12 of attorneys' fees, and pursuant to sections 501.211(2) and 501.2105, *Florida Statutes*.

13                                    **PARTIES**

14     6.     Plaintiff Melanie House is a citizen and resident of California. Throughout the Class

15 Period (defined below), Ms. House purchased one or more of the Products from various retail stores

16 within the last four years. Were it not for KIND's false, misleading, deceptive, or otherwise

17 unlawful labeling and advertising, Ms. House would not have purchased or paid as much for the

18 KIND bars.

19     7.     Plaintiff Erich Zander is a citizen and resident of California. Throughout the Class

20 Period (defined below), Mr. Zander purchased one or more of the Products from various retail

21 stores with the last four years. Were it not for KIND's false, misleading, deceptive, or otherwise

22 unlawful labeling and advertising, Mr. Zander would not have purchased or paid as much for the

23 KIND bars.

24     8.     Plaintiff Bonnie Burkert is a citizen and resident of California. Throughout the Class

25 Period (defined below), Ms. Burkert purchased one or more of the Products from various retail

26

27                                      3
                              CLASS ACTION COMPLAINT

28

stores within the last four years. Were it not for KIND's false, misleading, deceptive, or otherwise unlawful labeling and advertising, Ms. Burkert would not have purchased or paid as much for the KIND bars.

9. Plaintiff Elizabeth Livingston is a citizen and resident of Florida. Ms. Livingston purchased one or more of the Products from various retail stores within the last four years. Were it not for KIND's false, misleading, deceptive, or otherwise unlawful labeling and advertising, Ms. Livingston would not have purchased or paid as much for the KIND bars.

10. Defendant KIND LLC is based in New York and has its principal place of business at 55 W. 21st St., New York, NY 10010. KIND manufactures and distributes various snack products, including KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Plus Peanut Butter Dark Chocolate + Protein, and KIND Dark Chocolate Cherry Cashew + Antioxidants bars.

11. The advertising for the Products relied upon by Plaintiffs was prepared and/or approved by Defendant and its agents, and was disseminated by Defendant and its agents through advertising containing the misrepresentations alleged herein. The advertising for the Products was designed to encourage consumers to purchase the Products and reasonably misled the reasonable consumer, i.e. Plaintiffs and the Classes into purchasing the Products. Defendant is the owner, manufacturer and distributor of the Products, and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive marketing, advertising, statements and Representations for the Products.

12. Plaintiffs allege that, at all times relevant herein, Defendant and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Defendant and at all times relevant herein, each was acting within the purpose and scope of that agency and employment. Plaintiffs further allege on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Products, as well

CLASS ACTION COMPLAINT

1   as their respective employees, also were Defendant's agents, servants and employees, and at all

2   times herein, each was acting within the purpose and scope of that agency and employment.

3          13.     In addition, Plaintiffs allege that, in committing the wrongful acts alleged herein,

4   Defendant in concert with its subsidiaries, affiliates, and/or other related entities and their

5   respective employees, planned, participated in and furthered a common scheme to induce members

6   of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent

7   representations, and that Defendant participated in the making of such representations in that it

8   disseminated those misrepresentations and/or caused them to be disseminated. Whenever reference

9   in this Complaint is made to any act by Defendant or its subsidiaries, affiliates, distributors,

10   retailers and other related entities, such allegation shall be deemed to mean that the principals,

11   officers, directors, employees, agents, and/or representatives of Defendant committed, knew of,

12   performed, authorized, ratified and/or directed that act or transaction on behalf of Defendant while

13   actively engaged in the scope of their duties.

14                              **JURISDICTION AND VENUE**

15          14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A),

16   the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of

17   $5,000,000 exclusive of interest and costs, at least one member of the putative Classes of Plaintiffs

18   is a citizen of a different state than Defendant, more than two-thirds of the putative Classes reside

19   in states other than the state in which Defendant is a citizen and in which this case is filed, and

20   therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

21          15.     The Court has personal jurisdiction over Defendant pursuant to Cal. Code Civ. P. §

22   410.10 as a result of Defendant's substantial, continuous and systematic contacts with California,

23   and because Defendant has purposely availed itself of the benefits and privileges of conducting

24   business activities within California.

25          16.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because

26

27                                          5
                                  CLASS ACTION COMPLAINT

28

1   Defendant is subject to personal jurisdiction in this district and a substantial part of the events or

2   omissions giving rise to the claims occurred in this district.

3                                              **FACTS**

4   **I.      KIND and its Products**

5            17.     KIND makes and distributes 22 varieties of snack bars, including the Products, and 6

6   varieties of "snackable clusters" marketed as "healthy" snacks.

7            18.     KIND was founded in 2004 by Daniel Lubetzky because "he wanted to bring more

8   kindness to the world in the form of a healthy snack."[1]

9            19.     KIND's snacks can be purchased in 80,000 locations nation-wide and KIND is the

10  fastest-growing energy and nutrition bar in the country. [2] At one point, KIND bars were only

11  available in 1,000 specialty grocery stores, such as Whole Foods, whereas now they are available at

12  Wal-Mart, Target, Costco, and 7-Eleven, among other locations.[3]

13           20.     KIND bars purchased directly through KIND's website

14  (www.KINDsnacks.com/store) retail for $100 for a case of 72, or $1.38 each. KIND bars purchased

15  at Target retail for anywhere from $19.99 for a box of 12, or $1.67 each (KIND Fruit & Nut

16  Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Dark Chocolate

17  Cherry Cashew + Antioxidants) to $14.79 for a box of 12, or $1.23 each (KIND Fruit & Nut

18  Almond & Apricot).

19           21.     KIND has been incredibly successful, increasing sales from $10 million in 2010 to

20  nearly $120 million in 2012. As of February 2014, six of the top ten fastest selling produces in the

---

[1] "Why KIND bars are suddenly everywhere," Caroline Fairchild, Fortune, Feb. 10, 2014, http://fortune.com/2014/02/10/why-KIND-bars-are-suddenly-everywhere/ (last visited May 6, 2015).

[2] *Id.*

[3] *Id.*

                                      CLASS ACTION COMPLAINT

nutritional bar category are KIND bars.[4]

22.     Energy and nutrition bars are a trend in American eating preferences- particularly those like KIND which allege to be healthy and filling. Approximately 27 million more Americans ate nutrition bars in 2013 than in 2003.[5]

23.     KIND invests significant resources towards increasing awareness of its products, and currently spends nearly $10 million per year to get people to try its products. They have a full-time field marketing team in 25 U.S. markets that offer samples in stores, at corporate offices, and at events.[6]

24.     KIND markets its products as "healthy and tasty," which is its brand philosophy. KIND's website states that it strives to share a message of "holistic kindness" with its "healthy snacks and foods."[7]

25.     According to internal KIND surveys, 70% of KIND's customers choose the bars because of their advertised health attributes.[8] KIND founder, Mr. Lubetsky, has said, "Transparency is one of our core principles... We treat the food with integrity."[9]

26.     Defendant prominently displays the same and/or substantially similar "healthy" and other similarly positive health attribute statements in the same location on the front and back packaging of the Products and were uniformly communicated to Plaintiffs and every other member of the Classes, which reinforced the substantially similar health perception of the Products. These

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] http://www.KINDsnacks.com/about/#slide-one (last visited May 6, 2015).

[8] http://www.fastcompany.com/3023368/KIND-snacks-setting-a-high-bar (last visited May 6, 2015).

[9] *Id.*

CLASS ACTION COMPLAINT

representations are central to the marketing of the Products.





Figure A- KIND Fruit & Nut Almond & Apricot Bars

CLASS ACTION COMPLAINT





Figure B- KIND Fruit & Nut Almond & Coconut Bars

CLASS ACTION COMPLAINT



Figure C- KIND Plus Peanut Butter Dark Chocolate + Protein Bars

CLASS ACTION COMPLAINT



Figure D- KIND Dark Chocolate Cherry Cashew + Antioxidants Bars

CLASS ACTION COMPLAINT

## II.  KIND's Violations of Food Labeling Requirements

27.     On March 17, 2015, the Food and Drug Administration ("FDA") issued a letter to KIND regarding the labels on its KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Plus Peanut Butter Dark Chocolate + Protein, and KIND Dark Chocolate Cherry Cashew + Antioxidants bars.[10] The FDA found that these products violated section 403 of the FDCA (21 U.S.C. §343 and Title 21, Code of Federal Regulations, Part 101 (21 CFR 101).

28.     Specifically, the FDA found that the labels of these KIND products bear nutrient content claims that the product does not meet.

### A.     Claim that Products are "Healthy"

29.     The label of KIND Fruit & Nut Almond & Apricot states that this product is "Healthy and tasty, convenient and wholesome," in connection with other statements such as "good source of fiber," "no trans fats," and "very low sodium."

30.     The label of KIND Fruit & Nut Almond & Coconut states that this product is "Healthy and tasty, convenient and wholesome," in connection with other statements such as "good source of fiber," "no trans fats," and "very low sodium."

31.     The label of KIND Peanut Butter Dark Chocolate + Protein states that this product is "Healthy and tasty, convenient and wholesome," in connection with other statements such as "good source of fiber," "no trans fats," "low sodium," "+ protein," and "7g protein."

32.     The label of KIND Dark Chocolate Cherry Cashew + Antioxidants states that this product is "Healthy and tasty, convenient and wholesome," in connection with other statements such as "good source of fiber," "no trans fats," "very low sodium" "+ antioxidants," and "50% DV antioxidants vitamins A, C and E."

33.     KIND's website at www.KINDsnacks.com/about asserts, "There's healthy. There's

---

[10] FDA Warning Letter to Kind, LLC, March 17, 2015, *available at* http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/ucm440942.htm (last visited May 6, 2015).

tasty. Then there's healthy and tasty" and "all of our snacks are pretty much the nirvana of healthful tastiness."

34.     KIND's website for the KIND Peanut Butter Dark Chocolate + Protein at www.KINDsnacks.com/products/KIND-store/buy-KIND-bars/KIND-plus/peanut-butter-darkchocolate-protein.html states "KIND Peanut Butter Dark Chocolate + Protein is a healthy and satisfying blend of peanuts and antioxidant-rich dark chocolate. Each bar contains 7 grams of protein, which promotes satiety and strengthens bones, muscles and skin."

35.     However, the FDA letter informed KIND that none of these products meet the requirements for use of the claim "healthy," as set forth in 21 CFR 101.65(d)(2), which requires, among other things, that "healthy" can be used only if the food is "low saturated fat" as defined by 21 CFR 101.62(c), meaning it has a saturated fat content of 1 g or less and no more than 15% of the calories are from saturated fat.

36.     KIND Fruit & Nut Almond & Apricot bars contain 3.5 g of saturated fat per 40 g of the food.

37.     KIND Fruit & Nut Almond & Coconut bars contain 5 g of saturated fat per 40 g of the food.

38.     KIND Peanut Butter Dark Chocolate + Protein bars contain 3.5 g of saturated fat per 40 g of the food.

39.     KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants bars contain 2.5 g of saturated fat per 40 g of the food.

40.     These amounts exceed the 1.5 g limit for the use of the term "healthy" and thus the labeling and advertising is unlawful, false, misleading, and/or deceptive and they are misbranded pursuant to 403(r)(1)(A) of the FDCA.

**B.     Use of the Terms "+" and "Plus"**

41.     Both the KIND Peanut Butter Dark Chocolate + Protein and KIND Dark Chocolate

CLASS ACTION COMPLAINT

1    Cherry Cashew + Antioxidants use the term "+" on the labels, but these products do not comply

2    with the requirements to use this term.

3          42.     The term "+," as it is used on the label for the KIND Peanut Butter Dark Chocolate

4    + Protein is read in conjunction with the term "7 g protein." The term "+" as it is used on the label

5    for the KIND Dark Chocolate Cherry Cashew + Antioxidants is read in conjunction with "50% DV

6    Antioxidant, vitamins A, C and E." Thus, these are nutrient content claims because they

7    characterize the product's level of vitamins and nutrients, which are required to be in nutrition

8    labeling pursuant to 21 CFR 101.13(b).

9          43.     21 CFR 101.54(e) provides that the term "plus" may be used to describe the level of

10    nutrients (i.e. vitamins or minerals) in food provided that the food contains at least 10% more of the

11    recommended daily intake for the nutrient than an appropriate reference food, the claim is based on

12    nutrients that are added to the food, and the claim bears the required information for relative claims

13    as described in 21 CFR 101.13(j)(2) and 101.54(e)(1)(iii) (e.g. "contains 10% more of the Daily

14    Value for fiber than white bread" or "Fiber content of white bread is 1 g per serving; (this product)

15    has 3.5 g per serving").

16          44.     Neither the KIND Peanut Butter Dark Chocolate + Protein nor the KIND Dark

17    Chocolate Cherry Cashew + Antioxidants state the identity of the reference food and the percentage

18    of the nutrient it contains in comparison to the reference food, and thus the labeling and advertising

19    is unlawful, false, misleading, and/or deceptive and they are misbranded.

20        **C.**      **Use of the Term "Antioxidant-rich"**

21          45.     The product page for KIND Peanut Butter Dark Chocolate + Protein bars on the

22    website www.KINDsnacks.com/products/KIND-store/buy-KIND-bars/KIND-plus/peanut-butter-

23    darkchocolate-protein.html includes the nutrient content claim "antioxidant-rich dark chocolate."

24          46.     The product and its labeling do not meet the requirements for the use of this term

25    pursuant to 21 CFR 101.54(g). In order to use the term "antioxidant-rich," a Reference Daily Intake

26

27                          CLASS ACTION COMPLAINT

28

needs to have been established for the nutrient that is the subject of the claim, and the nutrients must have recognized antioxidant activity. Additionally, in order to qualify for an "antioxidant-rich" claim, the product must contain 20% or more of the Reference Daily Intake for the nutrients that have recognized antioxidant activity, such as vitamins A, C or E.

47.     The KIND Peanut Butter Dark Chocolate + Protein bars contain 15% of the daily value of vitamin E, 0% of the daily value of vitamins A and C. Thus, this product cannot be labeled "antioxidant-rich" and the labeling and advertising is unlawful, false, misleading, and/or deceptive and they are misbranded.

**D.      Use of the Term "Good Source of Fiber"**

48.     The labels of KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants all state that they are a "Good Source of Fiber."

49.     However, the labels of these products do not include the required statement disclosing that these products are not low in total fat and disclosing the level of total fat per serving in immediate proximity to the claim that they are a "Good Source of Fiber," as required by 21 CFR 101.54(d).

50.     Low in total fat means the food is in a serving size greater than 30 g and has 3 g or less of fat per serving size. 21 CFR 101.62(b)(2).

51.     According to the Nutrition Facts on these KIND bars, the KIND Fruit & Nut Almond & Apricot contains 10 g of total fat per 40 g of the food, the KIND Fruit & Nut Almond & Coconut contains 12 g of total fat per 40 g of the food, the KIND Peanut Butter Dark Chocolate + Protein contains 13 g of total fat per 40 g of the food, and the KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants contains 9 g of total fat per 40 g of the food.

52.     The amount of fat in each of these products exceeds the "low fat" definition amounts, and thus this should be disclosed on the labels immediately next to the claims that these

15

1   products are a "Good Source of Fiber."

2       53.    Because these products do not contain this required disclosure, the labeling and

3   advertising is unlawful, false, misleading, and/or deceptive and they are misbranded.

4       **E.    Failure to Disclose Nutrition Information**

5       54.    The KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut,

6   KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate Cherry

7   Cashew + Antioxidants all state that they contain "No Trans Fats."

8       55.    However, the labels of these products do not include the levels of monounsaturated

9   fatty acids and polyunsaturated fatty acids as required by 21 CFR 101.9(c)(2)(iii) and (iv).

10      56.    The KIND Peanut Butter Dark Chocolate + Protein product label says "+ protein"

11  and "plus 7 g protein." However, the nutritional label does not include the percent daily value for

12  protein as required when a label has a nutrient content claim for protein, as required by 21 CFR

13  101.9(c)(7)(i).

14      57.    Thus, the labeling and advertising is unlawful, false, misleading, and/or deceptive

15  and they are misbranded misbranded.

16      **F.    Failure to Provide the Name and Place of Business**

17      58.    The labels of the KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond

18  & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate

19  Cherry Cashew + Antioxidants do not contain the name and place of business of the manufacturer,

20  packer, or distributor, as required by 21 CFR 101.5.

21      59.    Thus, the labeling and advertising is unlawful, false, misleading, and/or deceptive

22  and they are misbranded.

23      **G.    Additional Violations Found**

24      60.    The FDA found additional violations in KIND's labeling of KIND Fruit & Nut

25  Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate +

26

16

27   CLASS ACTION COMPLAINT

28

Protein, and KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants.

61.     First, the KIND Fruit & Nut Almond & Coconut contains 5 g of saturated fat per 40 g serving, but does not contain the disclosure statement "See nutrition information for saturated fat content pursuant to 21 CFR 101.13(h). Thus, the labeling and advertising is unlawful, false, misleading, and/or deceptive and they are misbranded.

62.     The KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants products all have statements beginning "Allergen Information: Contains…," but the allergen statement is not declared correctly because it does not include all major allergens in the food as required by section 403(w)(1)(B)(i) of the FDCA. For example, the ingredient lists for KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein state soy lecithin is an ingredient, however soy is not declared in the "Contains…," statement. Thus, the labeling and advertising is unlawful, false, misleading, and/or deceptive and they are misbranded.

63.     The KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants ingredient list does not meet the requirements of 21 CFR 101.4(b) because the name of the ingredients are not listed as a specific name, but rather as a collective or generic name, like "mixed nuts." Thus, the labeling and advertising is unlawful, false, misleading, and/or deceptive and they are misbranded.

64.     The KIND Peanut Butter Dark Chocolate + Protein ingredient list does not meet the requirements of 21 CFR 101.4(b)(2) because the label declares peanut butter as an ingredient but does not list the sub-ingredients. Thus, the labeling and advertising is unlawful, false, misleading, and/or deceptive and they are misbranded.

65.     The KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants products all list "non GMO glucose" as an ingredient, which is not an

CLASS ACTION COMPLAINT

appropriate common name for glucose syrup according to 21 CFR 101.4, 168.120, or 168.121. Thus, the labeling and advertising is unlawful, false, misleading, and/or deceptive and they are misbranded.

66.     The KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants product labels do not list KIND's street address as required by 21 CFR 101.5(d). Thus, the labeling and advertising is unlawful, false, misleading, and/or deceptive and they are misbranded.

67.     The KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants product labels do not contain an appropriate statement of identity as required by 21 CFR 101.3, which requires the label to state the identity of the product. Thus, the labeling and advertising is unlawful, false, misleading, and/or deceptive and they are misbranded.

### III.    KIND's Response to the FDA Letter

68.     On April 14, 2015, KIND posted "A note to our KIND community" on its website stating that they received the FDA letter and that they will be correcting the items pointed out by the FDA. KIND specifically noted that it would no longer be able to use the word "healthy" on their products with more than 3 g of total fat or 1 g of saturated fat per serving, which applies to many of their products that contain nuts.[11]

69.     A spokesperson for KIND stated, "Our team is fully committed to working alongside the FDA, and we're moving quickly to comply with its request.[12]

---

[11] http://www.KINDsnacks.com/blog/post/a-note-to-our-KIND-community-2/ (last visited May 6, 2015).

[12] "KIND LLC working with FDA over string of labeling errors; consumer litigation could follow, predict attorneys," Elaine Watson, April 16, 2015, http://www.foodnavigator-usa.com/Regulation/KIND-LLC-working-with-FDA-over-string-of-labeling-errors (last visited May 6, 2015).

CLASS ACTION COMPLAINT

70.     Upon information and belief, as of the date of this Complaint the Products are still being sold at retail outlets in packaging that includes the "healthy" and other unlawful language.

## IV.     The Food, Drug and Cosmetic Act and Related State Laws

71.     Food manufacturers must comply with federal and state laws and regulations governing labeling food products. Among these are the FDCA and its labeling regulations, including those set forth in 21 C.F.R. part 101.

72.     Pursuant to the FDCA, section 21 U.S.C. § 343(a),(d), & (f), "[a] food shall be deemed to be misbranded . . . if its labeling is false or misleading in any particular, or . . . if its container is so made, formed, or filled as to be misleading. . . . If any word, statement, or other information required by or under authority of this chapter to appear on the label or labeling is not prominently placed thereon with such conspicuousness (as compared with other words, statements, designs, or devices in the labeling) and in such terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use."

73.     California's Sherman Food, Drug, and Cosmetic Law, California Health and Safety Code, Division 104, Part 5 ("Sherman Law") incorporates many of the FDA's regulations into California state law governing the labeling and branding of food products.

74.     Section 110100(a) of the Sherman Law states: all food labeling regulations and any amendments to those regulations adopted pursuant to the federal act [FDCA], in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state." Cal. Health & Safety Code § 110100(a).

75.     Article 6 of the Sherman Law, Cal. Health & Safety Code § § 110660, *et seq.*, concerns the misbranding of food. Section 110660 states that, "[a]ny food is misbranded if its labeling is false or misleading in any particular." Section 110665 states that "[a]ny food is misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in Section 403(q) (21 U.S.C. Sec. 343(q) of the federal act and the regulations adopted pursuant

19

thereto." Section 110670 states that "[a]ny food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto."

76.    Thus, the FDCA provisions and implementing regulations discussed herein are incorporated into the Sherman Law by reference.

77.    Section 110385 of the Sherman Law makes it "unlawful for any person to distribute in commerce any food, drug, device, or cosmetic, if its packaging or labeling does not conform to the provisions of this article or to regulations adopted pursuant to this article."

78.    Section 110760 of the Sherman Law makes it "unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded." Section 110765 makes it "unlawful for any person to misbrand any food."

79.    As a result of KIND's conduct alleged herein, KIND has violated the aforementioned provisions of the Sherman Law.

80.    Pursuant to the FSA, Fla. Stat. § 500.04 (1): "[a] food shall be deemed to be misbranded . . . if its labeling is false or misleading in any particular, or . . . if its container is so made, formed, or filled as to be misleading. . . . If any word, statement, or other information required by or under authority of this chapter to appear on the label or labeling is not prominently placed thereon with such conspicuousness (as compared with other words, statements, designs, or devices in the labeling) and in such terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use."

81.    In addition to its blanket adoption of federal labeling requirements, Florida has also enacted various laws and regulations that adopt and incorporate specific enumerated federal food laws and regulations. For example, Defendant's Product label is misleading and deceptive pursuant to Florida's Food Safety Act, Fla. Stat. §§ 500.01, *et seq.*—identical in all material aspects hereto— to the Food and Drug Administration's ("FDA") Federal Food Drug and Cosmetic Act ("FFDCA"),

1   21 U.S.C. §§ 343, 343-1. Plaintiffs' claims do not seek to contest or enforce anything in Florida's

2   Food Safety Act that is beyond the FFDCA or FDA regulation requirements.

3       82.    For example, the Florida Food Safety Act, Fla. Stat. § 500.01, states: "Purpose of

4   chapter.—This chapter is intended to: (1) Safeguard the public health and promote the public

5   welfare by protecting the consuming public from injury by product use and the purchasing public

6   from injury by merchandising deceit, flowing from intrastate commerce in food; (2) Provide

7   legislation which shall be uniform, as provided in this chapter, and administered so far as

8   practicable in conformity with the provisions of, and regulations issued under the authority of, the

9   Federal Food, Drug, and Cosmetic Act; the Agriculture Marketing Act of 1946; and likewise

10   uniform with the Federal Trade Commission Act, to the extent that it expressly prohibits the false

11   advertisement of food; and (3) Promote thereby uniformity of such state and federal laws and their

12   administration and enforcement throughout the United States and in the several states." Fla. Stat. §

13   500.02(1)–(3).

14       83.    In Florida, "A food is deemed to be misbranded: If its labeling is false or misleading

15   in any particular." Fla. Stat. § 500.11(1)(a).

16       84.    Furthermore, Plaintiffs' state consumer protection law claims are not preempted by

17   federal regulations. *Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 897-98 (N.D. Cal. 2012).

18   **V.    Economic Damage to Plaintiffs and the Classes**

19       85.    As a result of purchasing the Products which were unlawfully branded, Plaintiffs and

20   members of the Classes have suffered economic damages.

21       86.    Defendant's marketing and advertising as discussed *supra* was and is false,

22   misleading, and/or likely to deceive reasonable consumers. Therefore, the Products are misbranded

23   and valueless, worth less than what Plaintiffs and members of the Classes paid for them, and/or are

24   not what Plaintiffs and members of the Classes reasonably intended to receive.

25       87.    Because the Products are unlawfully misbranded, and there is no market value for an

26

27

28

1  unlawful product, Plaintiffs and the Classes seek damages and injunctive relief described below.

2       88.    Moreover, and in the alternative, Plaintiffs and members of the Classes paid a price

3  premium for the so called "healthy" Products, over other similar products that do not claim to be

4  "healthy" and/or are not unlawfully branded. As a result, Plaintiffs and the Classes are entitled to

5  damages in the amount of the difference between the premium purchase price charged for the

6  Products and the true market value of the Products without the false "healthy" and other unlawful

7  representations.

8                 **RULE 9(b) ALLEGATIONS**

9       89.    KIND made material misrepresentations and omissions of fact in the labeling and

10  advertising of the Products.

11       90.    A representation that a product is "healthy" and has other positive health attributes is

12  material to a reasonable consumer. Defendant's own studies reflect that 70% of consumers choose

13  the bars because of their advertised health attributes.

14       91.    These material misrepresentations and omissions of fact include the use of the terms

15  "healthy," "+" or "plus," "good source of fiber," and "no trans fats" on the labeling and packaging

16  of the Products, even those these products did not meet the requirements to make such claims.

17       92.    Reasonable consumers frequently rely on food label representations and information

18  in making purchase decisions.

19       93.    KIND's material misrepresentations and omissions of fact are material because a

20  reasonable consumer would not have purchased or paid as much for these KIND products it he

21  knew they contained false representations.

22       94.    KIND made such representations regarding these products during the Class Period.

23       95.    KIND's material misrepresentations and omissions of fact were made on the

24  labeling and packaging of the Products, on KIND's website (www.KINDsnacks.com) and through

25  other advertisements by KIND.

26                        22

27                  CLASS ACTION COMPLAINT

28

96.     Plaintiffs and the other Class members reasonably relied to their detriment on Defendant's misleading representations and omissions.  Defendant's misleading affirmative statements about the "healthiness of its Products obscured the material facts that Defendant failed to disclose about the healthiness of its Products.

97.     Plaintiffs and the Class members were among the intended recipients of Defendant's deceptive representations and omissions.

98.     Defendant made the deceptive representations and omissions on the Products with the intent to induce Plaintiffs' and the Class members' purchase of the Products.

99.     Plaintiffs and the Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions.  Plaintiffs and the Class members purchased, purchased more of, or paid more for, the Products than they would have done, had they known the truth about the Products' nutritional value.

## CLASS ACTION ALLEGATIONS

100.    Plaintiffs bring their claims as Class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the Classes defined below.

101.    A Rule 23(b)(2) Class is appropriate when the defendant "has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole." Fed. R. Civ. P. 23(b)(2).

102.    Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed. 1998).

103.    KIND's misrepresentations and omissions of fact with regard to the labeling and advertising of their KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, or KIND Fruit & Nut Dark Chocolate Cherry

1  Cashew + Antioxidants bars to the Plaintiffs and the putative Class makes declaratory relief with

2  respect to a Rule 23(b)(2) class appropriate.

3      104.    The Rule 23(b)(2) "Equitable Relief Class" is defined as follows:

4      All persons in the United States who purchased either KIND Fruit & Nut Almond &

5  Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark

6  Chocolate + Protein, or KIND Fruit & Nut Dark Chocolate Cherry Cashew +

7  Antioxidants bars for personal use, and not for resale any time between May 11,

8  2011, and the present ("Class Period").

9      105.    Plaintiffs propose a Rule 23(b)(3) "California Damages Class" defined as follows:

10      All persons in California who purchased either KIND Fruit & Nut Almond &

11  Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark

12  Chocolate + Protein, or KIND Fruit & Nut Dark Chocolate Cherry Cashew +

13  Antioxidants bars for personal use, and not for resale any time between May 11,

14  2011, and the present ("Class Period").

15      106.    Plaintiffs propose a Rule 23(b)(3) "Florida Damages Class" defined as follows:

16      All persons in Florida who purchased either KIND Fruit & Nut Almond & Apricot,

17  KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate +

18  Protein, or KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants bars

19  for personal use, and not for resale any time between May 11, 2011, and the present

20  ("Class Period").

21      107.    Plaintiffs respectfully reserve the right to amend the Class definition if further

22  investigation and discovery indicates that the Class definition should be narrowed, expanded, or

23  otherwise modified, including without limitation, the inclusion of sub-classes consisting of

24  consumers who purchased one or more of the varieties of the Products. Excluded from the Classes

25  are Defendant KIND, any entities in which KIND has a controlling interest, any of its parents,

CLASS ACTION COMPLAINT

subsidiaries, affiliates, officers, directors, employees and members of such person's immediate families, and the presiding judge(s) in this case and his/her immediate family.

108.    The members of the proposed Classes are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all putative Class members in a single action will provide substantial benefits to the parties and the Court.

109.    Questions of law and fact common to Plaintiffs and the putative Classes, and which predominate over individual issues, include but are not limited to:

    a.  Whether KIND engaged in the conduct alleged herein;

    b.  Whether, and to what extent, the Products sold during the last four years were improperly labeled and misbranded;

    c.  Whether Defendant's statements are violate applicable regulations;

    d.  Whether the improper labeling and misbranding of the Products is material to a reasonable consumer;

    e.  Whether KIND engaged in false or misleading advertising;

    f.  Whether KIND's practices were deceptive, unfair, improper and/or misleading;

    g.  Whether KIND made intentional omissions and/or misrepresentations;

    h.  Whether KIND made negligent omissions and/or misrepresentations;

    i.  Whether KIND's conduct as alleged herein constitutes and results in unjust enrichment;

    j.  Whether KIND's statements created express warranties concerning the Products and, if so, whether KIND's conduct as alleged herein constitutes breach of express warranty;

    k.  The proper equitable and injunctive relief; and

    l.  The proper amount of restitution.

110.    Plaintiffs' claims are typical of putative Class members' claims in that they are

CLASS ACTION COMPLAINT

1   based on the same underlying facts, events, and circumstances relating to KIND's conduct.

2       111.   Plaintiffs will fairly and adequately represent and protect the interests of the putative

3   Classes, have no interests incompatible with the interests of the putative Classes, and have retained

4   counsel competent and experienced in consumer protection and class litigation.

5       112.   The putative Classes are sufficiently large for purposes of class litigation because

6   they contain at least thousands of members who purchased the Products in the last four years in the

7   United States and/or California.

8       113.   Class treatment is superior to other options for resolution of the controversy because

9   the relief sought for each putative Class member is relatively small such that, absent representative

10  litigation, it would be impractical for putative Class members to seek redress for KIND's actions.

11      114.   Questions of law and fact common to the putative Classes predominate over any

12  questions affecting individual Class members.

13      115.   The prerequisites for maintaining a class action for declaratory and equitable relief

14  pursuant to Fed. R. Civ. P. 23(b)(2) exist because KIND has acted or refused to act on grounds

15  generally applicable to the Equitable Relief Class, thereby making appropriate declaratory and

16  equitable relief with respect to the Class as a whole. The central issues regarding KIND's improper

17  labeling and advertising of the Products is the same for all Class members. There is an economy to

18  class treatment of those central questions because their resolution has the potential to eliminate the

19  need for continued and repeated litigations across the country.

20      116.   The prerequisites for maintaining a class action for damages pursuant to Fed. R. Civ.

21  P. 23(b)(3) exist because Plaintiffs and the Damages Class have all suffered damages as a result of

22  KIND's misrepresentations and omissions of fact.  KIND's claims on its product labels and in

23  advertising, including that its products were "healthy," contained "+" or "Plus" amounts of protein

24  or antioxidants, were a "good source of fiber," and "had no trans fats," were material to Plaintiffs

25  and the Class. A class action is superior to other available methods for the fair and efficient

26

27
                                        26
                            CLASS ACTION COMPLAINT

28

1   adjudication of the controversy. Class treatment of common questions of law and fact is superior to

2   multiple individual actions or piecemeal litigation. Moreover, absent a class action, most Class

3   members would likely find the costs of litigating prohibitively high and would therefore have no

4   effective remedy at law.

5        117.   The prosecution of separate actions by individual Class members would create a risk

6   of inconsistent or varying adjudications, which would establish incompatible standards of conduct

7   for KIND. In contrast, the conduct of this action as a class action presents far fewer management

8   difficulties, conserves judicial resources and the parties' resources, and protects the rights of each

9   Class member.

10       118.   Thus, class treatment is appropriate under Fed. R. Civ. P. 23(a), and on behalf of a

11   Rule 23(b)(2) Equitable Relief Class and a Rule 23(b)(3) Damages Class.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT ACT, 28 U.S.C. §2201, *et seq.*

### On behalf of the Rule 23(b)(2) Equitable Relief Class

16       119.   Plaintiffs reallege and incorporate the foregoing allegations in the Complaint as if

17   fully set forth herein.

18       120.   Declaratory relief is intended to minimize "the danger of avoidable loss and

19   unnecessary accrual of damages." 10B Charles Alan Wright, Arthur Miller & Mary Kay Kane,

20   *Federal Practice and Procedure* § 2751 (3d ed. 1998).

21       121.   There is an actual controversy between KIND and Plaintiffs concerning (1)

22   Whether, and to what extent, KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond &

23   Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate

24   Cherry Cashew + Antioxidants bars sold during the last four years were improperly labeled and

25   misbranded; (2) Whether KIND engaged in false or misleading advertising; and (3) Whether

1    KIND's practices were deceptive, unfair, improper and/or misleading.

2        122.    Pursuant to 28 U.S.C. § 2210, this Court may "declare the rights and legal relations

3    of any interested party seeking such declaration, whether or not further relief is or could be sought."

4        123.    KIND has failed to comply with the laws and regulations of the FDA in its labeling

5    and advertising of the Products. This failure has deceived consumers as to the nutritional and health

6    attributes of these products.

7        124.    Accordingly, because of KIND's failure to comply with FDA laws and regulations,

8    Plaintiffs seek a declaration that KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond

9    & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate

10   Cherry Cashew + Antioxidants bars are misbranded and contain material misrepresentations and

11   omissions of fact.

12       125.    Additionally, pursuant to 28 U.S.C. §2202 allowing for "[f]urther necessary or

13   proper relief based on a declaratory judgment", Plaintiffs seek restitution from KIND as a result of

14   KIND's failure to comply with FDA laws and regulations, misbranding and material

15   misrepresentations and omissions of fact.

16       126.    The declaratory and further relief requested herein will generate common answers

17   that will settle the controversy related to the alleged misrepresentations and omissions of fact in the

18   labeling for the Products. There is an economy to resolving these issues as they have the potential

19   to eliminate the need for continued and repeated litigation.

20                              **SECOND CAUSE OF ACTION**

21       **VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS.**

22                         **& PROF. CODE §§ 17200 *ET. SEQ.***

23       **On behalf of the Rule 23(b)(2) Equitable Relief Class and the Rule 23(b)(3) California**

24                                  **Damages Class**

25       127.    Plaintiffs reallege and incorporate the foregoing allegations in the Complaint as if

26

27

28

1  fully set forth herein.

2  128.    The California Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or

3  fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

4  129.    KIND's deceptive labeling of its KIND Fruit & Nut Almond & Apricot, KIND Fruit

5  & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut

6  Dark Chocolate Cherry Cashew + Antioxidants bars is a "fraudulent" practice within the meaning

7  of the UCL in that the deceptive labeling is likely to deceive reasonable consumers and the public.

8  130.    In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiffs seek an Order

9  enjoining KIND from continuing to conduct business through fraudulent acts and practices, and to

10  commence a corrective advertising campaign.

11  131.    On behalf of themselves and the putative Class, Plaintiffs also seek an Order for the

12  restitution of all monies from the sale of the KIND Fruit & Nut Almond & Apricot, KIND Fruit &

13  Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut

14  Dark Chocolate Cherry Cashew + Antioxidants bars, which were unjustly acquired through acts of

15  fraudulent competition.

16  ### THIRD CAUSE OF ACTION

17  ### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW,

18  ### CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*

19  ### *(UNLAWFUL PRONG)*

20  ### On behalf of the Rule 23(b)(2) Equitable Relief Class and the Rule 23(b)(3) California

21  ### Damages Class

22  132.    Plaintiffs reallege and incorporate the foregoing allegations in the Complaint as if

23  fully set forth herein.

24  133.    KIND's failure to label their KIND Fruit & Nut Almond & Apricot, KIND Fruit &

25  Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut

26

27  CLASS ACTION COMPLAINT

28

1  Dark Chocolate Cherry Cashew + Antioxidants bars in compliance with FDA requirements is an

2  "unlawful" practice within the meaning of the California Unfair Competition Law.

3      134.    Had KIND properly labeled its products, Plaintiffs would not have purchased the

4  KIND bars.

5      135.    On behalf of themselves and the California Damages Class, Plaintiffs seeks

6  injunctive and equitable relief, as well as the restitution of all monies from the sale of the KIND

7  bars which were unjustly acquired through acts of unlawful competition.

8                          **FOURTH CAUSE OF ACTION**

9  **VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, CAL. BUS. & PROF.**

10                      **CODE §§ 17500 *ET. SEQ.***

11          **On behalf of the Rule 23(b)(3) California Damages Class**

12      136.    Plaintiffs reallege and incorporate the foregoing allegations in the Complaint as if

13  fully set forth herein.

14      137.    The California False Advertising Law ("FAL") prohibits any statement in

15  connection with the sale of goods "which is untrue or misleading," Cal. Bus. & Prof. Code § 17500,

16  including deceptive omissions of material fact.

17      138.    KIND's deceptive labeling on its KIND Fruit & Nut Almond & Apricot, KIND Fruit

18  & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut

19  Dark Chocolate Cherry Cashew + Antioxidants bars was likely to deceive reasonable consumers

20  and the public.

21      139.    KIND knew, or reasonably should have known, that it was deceptively omitting

22  material information, as its deceptive labeling is in violation of a number of sections of the Code of

23  Federal Regulations.

24      140.    Plaintiffs and members of the Class are entitled to injunctive and equitable relief and

25  restitution.

26                              30
27                      CLASS ACTION COMPLAINT
28

1

### FIFTH CAUSE OF ACTION

2

### VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CAL.

3

### CIV. CODE §§ 1750 *ET SEQ.*

4

### On behalf of the Rule 23(b)(3) California Damages Class

5       141.    Plaintiffs reallege and incorporates the foregoing allegations in the Complaint as if

6   fully set forth herein.

7       142.    The California Consumers Legal Remedies Act prohibits deceptive practices in

8   connection with the conduct of a business that provides goods, property, or services primarily for

9   personal, family, or household purposes.

10      143.    KIND's policies, acts, and practices were designed to, and did, result in the purchase

11  and use of the products primarily for personal, family, or household purposes, and violated and

12  continue to violate the following sections of the California Consumers Legal Remedies Act

13  ("CLRA"):

14          a.      § 1770(a)(5): representing that goods have characteristics, uses, or benefits

15      which they do not have;

16          b.      § 1770(a)(7): representing that goods are of a particular standard, quality, or

17      grade if they are of another;

18          c.      § 1770(a)(9): advertising goods with intent not to sell them as advertised;

19      and

20          d.      § 1770(a)(16): representing the subject of a transaction has been supplied in

21      accordance with a previous representation when it has not.

22      144.    As a result, Plaintiffs and members of the putative Class have suffered irreparable

23  harm and are entitled to injunctive and equitable relief, actual damages, punitive damages, and

24  reasonable attorneys' fees and costs.

25

### SIXTH CAUSE OF ACTION

26

27

CLASS ACTION COMPLAINT

28

# VIOLATIONS OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. §§ 501.201, ET SEQ.

## On behalf of the Rule 23(b)(3) Florida Damages Class

145. Plaintiffs reallege and incorporate the foregoing allegations in the Complaint as if fully set forth herein.

146. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201 to 201.213, *Florida Statutes*. The express purpose of FDUTPA is to "protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

147. The sale of the Products at issue in this cause was a "consumer transaction" within the scope of the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201 to 201.213, *Florida Statutes*.

148. Plaintiff is a "consumer" as defined by Section 501.203, *Florida Statutes*. Defendant's Products are a "good" within the meaning of the Act. Defendant is engaged in trade or commerce within the meaning of the Act.

149. Section 501.204(1), *Florida Statutes* declares as unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

150. Section 501.204(2), *Florida Statutes* states that "due consideration be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a)(1) of the Trade Commission Act." Defendant's unfair and deceptive practices are likely to mislead – and have misled – the consumer acting reasonably under the circumstances and, therefore, violate Section 500.04, Florida Statutes and 21 U.S.C. Section 343.

151. Defendant has violated the Act by engaging in the unfair and deceptive practices

1 described above, which offend public policies and are immoral, unethical, unscrupulous and

2 substantially injurious to consumers. Specifically, Defendant has knowingly and intentionally

3 made statements and omissions on its packaging regarding the "healthiness" and positive health

4 attributes of its Products when in fact the Products are not "healthy," do not have the positive health

5 attributes represented by Defendant, and are otherwise misbranded.

6     152. Plaintiffs and Class members have been aggrieved by Defendant's unfair and

7 deceptive practices in that they purchased and consumed Defendant's Products.

8     153. Reasonable consumers rely on Defendant to honestly represent the true nature of

9 their ingredients.

10     154. As described in detail above, Defendant has represented that its products are

11 "healthy" when in reality they are not.

12     155. Defendant has deceived reasonable consumers, like Plaintiff and the Class, into

13 believing its Products were something they were not—"healthy."

14     156. The knowledge required to discern the true nature of Defendant's Products is

15 beyond that of the reasonable consumer—namely that the Products were unlawfully branded and

16 contain ingredients, the extent of which render them unlawfully branded as "healthy" and/or not

17 healthy. Defendant's "healthy" and other positive health attribute statements leads reasonable

18 consumers to believe that the products are healthy and that all material facts regarding the

19 healthiness of the Products was fully and properly disclosed.

20     157. Federal and State Courts decide omission and misrepresentation matters regularly.

21 Accordingly, the issue of whether Defendant's label is misleading to a reasonable consumer is well

22 within the jurisdiction of the Court.

23     158. The damages suffered by the Plaintiff and the Class were directly and proximately

24 caused by the deceptive, misleading and unfair practices of Defendant, as described above.

25     159. Pursuant to Section 501.211(1), *Florida Statutes*, Plaintiffs and the Class seek a

33

CLASS ACTION COMPLAINT

declaratory judgment and court order enjoining the above described wrongful acts and practices of the Defendant, and for restitution and disgorgement.

160.    Additionally, pursuant to sections 501.211(2) and 501.2105, *Florida Statutes*, Plaintiffs and the Class make claims for damages, attorney's fees and costs.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL MISREPRESENTATION

### On behalf of the Rule 23(b)(3) Damages Classes

161.    Plaintiffs reallege and incorporate the foregoing allegations in the Complaint as if fully set forth herein.

162.    During the relevant time period, KIND represented that the Products were "healthy." KIND represented that its KIND Peanut Butter Dark Chocolate + Protein bars contain extra protein. KIND represented that its KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants bars contain extra antioxidants.

163.    These representations are contained on the labels of the Products and on KIND's website. The representations that were made to putative Class members were substantially similar for the purposes of this litigation.

164.    However, KIND failed to label its products in accordance with FDA requirements, and thus KIND's representations were false and misleading.

165.    When KIND made the subject representations, KIND knew they were false, and made the representations with the intent to deceive and defraud Plaintiffs and members of the putative Class to induce them to act in reliance on those representations, or with the expectation that they would so act. The purpose of representing that the Products are "healthy" was to deceive Plaintiffs and members of the putative Class into purchasing them.

166.    Plaintiffs and members of the putative Class, at the time the representations were made by KIND, and at the time they took the actions herein alleged, were ignorant of the falsity of

34

CLASS ACTION COMPLAINT

the representations and believed them to be true. In reliance on these representations, Plaintiffs and members of the putative Class were induced to purchase and consume the Products. Had Plaintiffs and members of the putative Class known the actual facts, they would not have taken such action. Reliance on KIND's representations was justified because KIND was offering the bars through reputable retail establishments throughout California. Plaintiffs and members of the putative Classes had no reason to believe that KIND would act otherwise than as represented in its labeling and advertising.

167.   In violation of the law, KIND, under a duty to speak, suppressed material facts from Plaintiffs and members of the putative Class regarding the nutritional value of the Products.

168.   As a result of KIND's fraudulent conduct, Plaintiffs and members of the putative Classes paid monies to KIND to which it was not entitled, and have suffered monetary damages in an amount to be proven at trial.

169.   The aforementioned conduct of KIND was an intentional misrepresentation, omission, deceit, or concealment of a material fact or facts known to KIND with the intent to deprive Plaintiffs and members of the putative Class of property or legal rights or otherwise cause injury.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

### On behalf of the Rule 23(b)(3) Damages Classes

170.   Plaintiffs reallege and incorporate the foregoing allegations in the Complaint as if fully set forth herein.

171.   During the relevant time period, KIND represented that the Products were "healthy." KIND represented that its KIND Peanut Butter Dark Chocolate + Protein bars contain extra protein. KIND represented that its KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants bars contain extra antioxidants.

CLASS ACTION COMPLAINT

1    172.    These representations are contained on the labels of the Products and on KIND's

2    website. The representations that were made to Class members were substantially similar for the

3    purposes of this litigation.

4    173.    However, KIND failed to label its products in accordance with FDA requirements,

5    and thus KIND's representations were false and misleading.

6    174.    When KIND made the subject representations, KIND knew or should have known

7    they were false, and made the representations with the intent to deceive and defraud Plaintiffs and

8    members of the putative to induce them to act in reliance on those representations, or with the

9    expectation that they would so act.

10   175.    Plaintiffs and members of the putative Class, at the time the representations were

11   made by KIND, and at the time they took the actions herein alleged, were ignorant of the falsity of

12   the representations and believed them to be true. In reliance on these representations, Plaintiffs and

13   members of the putative Class were induced to purchase and consume the Products. Had Plaintiffs

14   and members of the putative Class known the actual facts, they would not have taken such action.

15   176.    Reliance on KIND's representations was justified because KIND was offering the

16   KIND bars for sale through reputable retail establishments throughout California and Florida.

17   Plaintiffs and members of the putative Classes had no reason to believe that KIND would act

18   otherwise than as represented in its labeling.

19   177.    In violation of the law, KIND, under a duty to speak, suppressed material facts from

20   Plaintiffs and the putative Classes regarding the nutritional value of KIND Fruit & Nut Almond &

21   Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein,

22   and KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants bars.

23   178.    As a result of KIND's fraudulent conduct, Plaintiffs and members of the putative

24   Classes paid monies to KIND to which it was not entitled, and have suffered monetary damages in

25   an amount to be proven at trial.

26

27   CLASS ACTION COMPLAINT

28

## NINTH CAUSE OF ACTION

## UNJUST ENRICHMENT

### On behalf of the Rule 23(b)(3) Damages Classes

179.   Plaintiffs reallege and incorporate the foregoing allegations in the Complaint as if fully set forth herein.

180.   By its wrongful acts and omissions, KIND was unjustly enriched at the expense of Plaintiffs and members of the putative Class, who did not receive the goods to which they expected to receive because of KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants bars are mislabeled, for the payments made to KIND, and thus Plaintiffs and members of the putative Classes were unjustly deprived.

181.   It would be inequitable and unconscionable for KIND to retain the profit, benefit and/or other compensation it obtained from its deceptive, misleading, and unlawful conduct alleged herein.

182.   Plaintiffs and members of the putative Classes seek restitution from KIND, and seek an Order from the Court disgorging all profits, benefits, and other compensation obtained by KIND from its wrongful conduct.

## TENTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

### On behalf of the Rule 23(b)(3) California Damages Class

183.   Plaintiffs reallege and incorporate the foregoing allegations in the Complaint as if fully set forth herein.

184.   KIND made an express warranty and/or approved the use of the express warranty to Plaintiffs and Class members, namely that the Products were healthy and in compliance with FDA requirements.

CLASS ACTION COMPLAINT

185.     This promise regarding the nature of the KIND bars marketed by KIND, specifically related to the goods being purchased and became the basis of the bargain.

186.     Plaintiffs and members of the putative Class purchased the KIND products based on the belief that they conformed to the express warranties that were made on the products' packaging.

187.     KIND breached the express warranty made to Plaintiffs and Classes members by failing to supply goods that conformed to the warranty made. Instead, Plaintiffs and Class members obtained KIND bars that did not meet the nutritional requirements stated on the labels. If Plaintiffs and Class members had known of the true nature of the KIND bars, they would not have purchased the bars. As a result, Plaintiffs and Class members suffered injury, and deserve to be compensated for the damages they suffered.

188.     Plaintiffs and members of the Classes are therefore entitled to recover damages of the amounts they paid for the KIND bars.

## PRAYER FOR RELIEF

189.     Wherefore, Plaintiffs, on behalf of themselves, all others similarly situated and the general public, prays for judgment against KIND as to each and every cause of action, including:

a.     An Order certifying this as a Class action and appointing Plaintiffs and their counsel to represent the Class;

b.     An Order enjoining KIND from selling KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Peanut Butter Dark Chocolate + Protein, and KIND Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants bars so long as they are improperly labeled in violation of FDA regulations;

c.     An Order compelling KIND to conduct a corrective advertising campaign;

d.     An Order requiring KIND to disgorge or return all monies, revenues, and profits obtained by means of any wrongful act or practice;

e.     An Order requiring KIND to pay restitution to restore all funds acquired by

1   means of any act or practice declared by this Court to be a fraudulent business act or

2   practice, untrue or misleading advertising, unjust enrichment, or a violation of the UCL,

3   FAL or CLRA, or Fla. Stat. §§ 501.201, *et seq.*, plus pre-and post-judgment interest

4   thereon;

5         f.    An Order requiring KIND to pay actual or statutory damages for all causes of

6   action in which such damages are permitted;

7         g.    An Order requiring KIND to pay punitive or exemplary damages;

8         h.    An Order awarding costs, expenses, and reasonable attorneys' fees; and

9         i.    Any other and further relief the Court deems necessary, just, or proper.

10  **JURY DEMAND**

11  Plaintiffs hereby demand a trial by jury on all issues so triable.

12

13  Dated: May 11, 2015           **LAW OFFICES OF FRANCIS O. SCARPULLA**

14             By: *Francis O. Scarpulla*

15             Francis O. Scarpulla
               44 Montgomery Street, Suite 3400

16             San Francisco, CA 94104
               Telephone: (415) 788-7210

17             Facsimile: (415) 788-0706
               E-mail: fos@scarpullalaw.com

18             Simon Bahne Paris

19             Patrick Howard
               **SALTZ, MONGELUZZI, BARRETT &**

20             **BENDESKY, P.C.**
               One Liberty Place, 52nd Floor

21             1650 Market Street
               Philadelphia, PA 19103

22             Telephone: (215) 575-3986
               E-mail: sparis@smbb.com

23             E-mail: phoward@smbb.com

24             Daniel E. Gustafson
               Raina C. Borrelli

25             **GUSTAFSON GLUEK PLLC**
               Canadian Pacific Plaza

26             120 South Sixth Street, Suite 2600

                                   39

27  CLASS ACTION COMPLAINT

28

Minneapolis, MN  55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-mail: dgustafson@gustafsongluek.com
E-mail: rborrelli@gustafsongluek.com


Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar. No.: 83397
**EGGNATZ, LOPATIN & PASCUCCI. LLP**
5400 S. University Drive, Ste. 413
Davie, FL 33328
Telephone: (954) 889-3359
Facsimile: (954) 889-5913
E-mail: JEggnatz@EggnatzLaw.com
E-mail: MPascucci@EggnatzLaw.com

*Counsel for Plaintiffs and the Proposed Class*

CLASS ACTION COMPLAINT